UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN


ZORIDA MERCEDES BLEWETT                           MOVANT/DEFENDANT

v.                              CIVIL ACTION NO.  1:06CV-0000P4-M
                                CRIMINAL ACTION NO.  1:01CR-00014-M

UNITED STATES OF AMERICA                          RESPONDENT/PLAINTIFF


MEMORANDUM OPINION

Movant, Zorida Mercedes Blewett, filed a *pro se* motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255 (DN 1).  By Memorandum Opinion and Order entered

May 19, 2006, the Court concluded that the motion should be denied as time-barred but provided

Blewett with an opportunity to respond (DN 3).  Blewett filed a response on June 12, 2006,

(DN 4), in which he continues to argue that the sentencing enhancements he received run afoul

of two recent United States Supreme Court opinions, *United States v. Booker*, 543 U.S. 220

(2005),[1] and *Shepard v. United States*, 544 U.S. 13 (2005).[2]  Blewett maintains that both

---

[1] In *Booker*, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights.  *Booker* held that judicial fact-finding (of facts other than a prior conviction) to increase a defendant's Guideline range violated the Sixth Amendment right to trial by jury where the Guideline range was mandatory. "The *Booker* Court proceeded to excise the portion of the Guidelines which made them binding on district judges.  This approach left the longstanding practice of judicial fact-finding in place by rendering the Guidelines advisory."  *United States v. Geig*, No. 05-3699, 2006 U.S. App. LEXIS 9595, *4-5 (6th Cir. Apr. 11, 2006) (explaining *Booker*).

[2] In *Shepard*, the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  The Supreme Court held that for purposes of the ACCA a sentencing court was not permitted to look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted and supported a conviction.  The Court limited the evidence a sentencing court may rely on to enhance punishment under the ACCA to:  (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court; or (4) a record of comparable findings of fact adopted by the defendant before entering the plea.  *See Shepard*, 544 U.S. at 13.

decisions should be applied retroactively to his case on collateral review.  For the reasons that

follow, Blewett's § 2255 motion be will dismissed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Blewett was indicted by a federal grand jury on or about April 4, 2001 (1:01-cr-00014,

DN 1).  The indictment charged him with conspiracy to possess with the intent to distribute crack

cocaine, a schedule II substance, and aiding and abetting the possession with the intent to

distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2.

Blewett was represented by counsel in the criminal proceedings against him, and or about

November 16, 2001, he entered a guilty plea (1:01-cr-00014, DN 36).  According to Blewett, the

"drug amount that [he] was held culpable for, was determined by the preponderance of evidence

standard, rather than the beyond the reasonable doubt standard" in violation of *Booker*.

Additionally, Blewett claims that his criminal history was raised three categories in violation of

*Shepard.*  As a result of these violations, Blewett maintains that his sentence exposure was

escalated "from the legal range of 108-135 months to the illegal range of 262 months."

The Court entered an order of judgment and commitment on May 24, 2002

(1:01-cr-00014, DN 57).  According to Blewett, he did not appeal his sentence.  However, the

docket sheet from Blewett's criminal action indicates that he filed a notice of appeal in the Sixth

Circuit on May 29, 2002 (1:01-cr-00014, DN 61), which the Sixth Circuit allowed him to

voluntarily dismiss on February 20, 2003 (1:01-cr-00014, DN 74).

## II. ANALYSIS

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created

> by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

As previously stated, Blewett dismissed his direct appeal in February of 2003. Thus, for the purpose of section 1 above, the one-year period began running at that time. *See Craddock v. Mohr*, No. 99-3756, 2000 U.S. App. LEXIS 9904 at *3 (6th Cir. May 8, 2000) (explaining that the petitioner's "convictions became final in April 1993 when the Ohio Court of Appeals granted his motion to voluntarily dismiss his direct criminal appeal"). Since Blewett did not file the instant motion until January of 2006, the motion will be barred by AEDPA's statute of limitations unless Blewett can satisfy one of the other three sections above.

Blewett argues that his motion is timely under section 3 because *Booker* and *Shepard* are new rights recognized by the Supreme Court that should be applied retroactively to all cases on collateral review. Despite Blewett's arguments for retroactivity, the Supreme Court has not made

either case retroactive.

As for *Booker*, the Sixth Circuit Court of Appeals has specifically concluded that "*Booker's* rule does **not** apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (emphasis added).

While the Sixth Circuit has not addressed *Shepard's* retroactivity on collateral review, several other courts have done so and have unanimously concluded that *Shepard* is not retroactive. In denying a certificate of appealability, the Third Circuit stated that there was no issue for appeal because "*Shepard* has not been made retroactive by the Supreme Court." *United States v. Armstrong*, 151 Fed. Appx. 155, 157 (3d Cir. 2005). Similarly, in denying a motion for authorization to file a second or successive motion under § 2255, the Fourth Circuit noted that the movant was seeking review of his sentence under *Shepard* and then stated that the movant had not asserted a claim based on "a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review." *See United States v. Davis,* 133 Fed. Appx. 916 (4th Cir. 2005). Several district courts have also considered whether *Shepard* is retroactive to cases on "collateral review and not one has concluded that *Shepard* relief is available vis-a-vis a first-time § 2255 motion brought pursuant to § 2255 P 6(3)." *Sock v. United States*, 2006 U.S. Dist. LEXIS 26004 (D. Me. Mar. 27, 2006) (collecting cases).

This Court agrees with these courts that *Shepard* is not retroactive to cases on collateral review. First, like *Booker*, the Supreme Court has not given any indication that *Shepard* applies retroactively. Second, any rule established by *Shepard* is at most procedural,[3] so it would have to

---

[3]The Court notes that at least two circuits, the Tenth Circuit and the Eleventh Circuit, have held that *Shepard* did not even establish a new constitutional rule, but rather merely resolved a question of statutory interpretation:

be a watershed change in criminal procedure in order to apply retroactively. *See Schriro v.*

*Summerlin*, 542 U.S. 348, 351-52 (2004). *Shepard* sets forth the materials a district court should

consider, in certain circumstances, to determine whether a defendant's prior convictions renders

him subject to the ACCA's mandatory minimum sentence. Clearly, *Shepard* was not a

"watershed" change in criminal procedure. "*Schriro's* requirement of a fundamental or serious

challenge to the accuracy . . . was not present [in *Shepard*]. In fact the accuracy of *Shepard's*

§ 922(g)(1) conviction was not challenged at all. Accordingly, the procedural rule set forth in

*Shepard* is not applicable on collateral review." *Duong v. United States*, No. C-05-229, 2005

---

Cantellano argues that, under *Shepard*, the sentencing court was restricted from considering the presentence reports and fingerprint records because they were neither presented to a jury nor found by a court in proceedings underlying the prior convictions. Cantellano's argument fails . . . *Shepard* was not a constitutional decision. *Shepard* decided an issue of statutory interpretation. The issue in *Shepard* was whether the Armed Career Criminal Act permitted a sentencing court to consider police reports and complaint applications to establish that prior convictions for burglary were violent felonies. In *Taylor v. United States*, 495 U.S. 575 (1990), the Court had held that "the ACCA generally prohibits the later court from delving into particular facts disclosed by the record of conviction" to determine the character of a prior conviction for the purpose of enhancing a sentence under the ACCA. *Shepard*, 544 U.S. at 13, 125 S. Ct. at 1257-1258. In *Shepard*, the Court held that the rule in *Taylor* applies to convictions on pleas, as well as to convictions on jury verdicts. *Id.*

*United States v. Cantellano*, 430 F.3d 1142, 1146-47 (11th Cir. 2005).

The Tenth Circuit adopted this holding, explaining:

Although [*Shepard*] noted constitutional concerns about judicial fact-finding for purposes of sentencing enhancement, its *holding* was purely a matter of statutory interpretation. . . .To be sure, *Shepard* raised the possibility that a different reading of the statute might violate a defendant's Sixth Amendment right to trial by jury. To buttress its decision to read the ACCA as it did, the Court invoked "[t]he rule of reading statutes to avoid serious risks of unconstitutionality." *Shepard*, 544 U.S. at 25. But the Court did not say that the Sixth Amendment required its interpretation of the ACCA, or that a different reading would create a Sixth Amendment violation. It merely raised the possibility. *See, e.g., United States v. Thompson*, 421 F.3d 278, 282 n.3 (4th Cir. 2005) ("It did not escape the Court's notice in *Shepard* that the rule it announced might have constitutional implications." (emphasis added)).

*United States v. Christensen*, No. 05-4115, 2006 U.S. App. LEXIS 20142, *8-6 (10th Cir. Aug. 7, 2006).

U.S. Dist. LEXIS 40528, *14-15 (S.D. Tex. Dec. 6, 2005).

Since neither *Booke*r nor *Shepard* apply to Blewett's case and because Blewett has not

alleged any circumstances that would justify the application of equitable tolling, the Court

concludes that it must dismiss Blewett's § 2255 motion as barred by the applicable statute of

limitations.

### III.  CERTIFICATE OF APPEALABILITY

In the event that Blewett appeals this Court's decision, he is required to obtain a certificate

of appealability.  28 U.S.C. § 2253(c)(1)(b); Fed. R. App. P. 22(b).  A district court must issue or

deny a certificate of appealability and can do so even though the movant has yet to make a request

for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the

district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon

the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2)

& (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. §

2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. §

2253(c)(2).").

When a district court denies such a motion on procedural grounds without addressing the

merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of

reason would find it debatable whether the [motion] states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to

dispose of the matter, a reasonable jurist could not conclude either that the court erred in

dismissing the motion or that the movant should be allowed to proceed further.  *Slack*, 529 U.S. at

484.  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason

could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted

in this case.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:     Movant, *pro se*
        U.S. Attorney

4414.008